## THE STATE, P. HAMPTON WYKOFF, PROSECUTOR, v. SYLVANIA STEVENSON.

An unqualified refusal to deliver goods to an owner upon demand, by one in whose custody they were left by an officer who had taken them without authority, is a ground for an action in trover.

On *certiorari*.

This writ brings up a judgment of the Court of Common Pleas of Middlesex county, rendered on an appeal from a justice's court.

Argued at February Term, 1884, before Justices REED and PARKER.

For the plaintiff in *certiorari*, *C. T. Cowenhoven*.

For the defendant, *A. H. Strong*.

The opinion of the court was delivered by

REED, J. The action in which the questioned judgment was rendered, was in trover. It was against the defendant, Wykoff, for retaining the possession of certain goods of Sylvania Stevenson. The facts which caused the litigation were substantially the following: Wykoff had caused an attachment to be issued against the husband of Sylvania. The officer caused a levy to be made upon goods which were the property of the wife. The officer took the goods, and at the suggestion of Wykoff, placed them in a storehouse upon premises occupied by him as a grocery store, but separate from his store.

The storehouse was used by Wykoff for the storage of goods in connection with his grocery business. The storehouse was locked after these goods were stored therein, and the key was delivered to Wykoff. The constable considered that Wykoff was holding the goods for him. There was evidence that plaintiff went to Wykoff, and told him that he had some goods of hers. He replied that he had none of hers, but had some of her husband's, that he had got them, and intended to keep them.

The question discussed in the briefs of counsel is whether there is that in the testimony which will support the action of trover against Wykoff.

It is admitted that goods, the conversion of which is sued for, were the property of the wife. Under the writ of attach-

---

Grove v. Mott.

---

ment against the husband, the officer got no authority to touch them. It plainly appears that the goods were in the custody of Wykoff; for whom he was holding possession, is, in this case, immaterial.

There is a line of cases which hold that where goods have been deposited with a person for any purpose, and any other person than the depositor demands them of the bailee, the latter is not liable to an action of trover until he refuses to deliver after a reasonable time taken and opportunity given, to ascertain the true ownership of the property. *Lee* v. *Bays*, 18 *C. B.* 607; *Carroll* v. *Mix*, 51 *Barb.* 212; *Alexander* v. *Southey*, 5 *B. & Ald.* 247; *Isaac* v. *Clark*, 2 *Bulst.* 314. In this case, the refusal to deliver the goods to the real owner was not grounded upon an expressed doubt as to the wife's interest in them, but was accompanied by an unqualified denial of her title, and an assertion that they belonged to her husband. This refusal was a conversion. *Hinckley* v. *Baxter*, 13 *Allen* 139; *Thompson* v. *Rose*, 16 *Conn.* 71; 2 *Greenl. on Ev.*, § 644.

The judgment is affirmed, with costs.